UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JUAN SMITH                                    CIVIL ACTION

VERSUS                                        NUMBER: 10-3378

BURL CAIN                                     SECTION: "R"(5)


                    **REPORT AND RECOMMENDATION**


    Presently before the Court is petitioner's "Motion for Stay of All Further Proceedings Pending a Decision by the United States Supreme Court." (Rec. doc. 22).  The State has advised the Court that it has no opposition to petitioner's motion.  For the reasons that follow, it is recommended that petitioner's motion be granted and that this matter be stayed subject to the conditions set forth hereinafter.

    At issue in this habeas proceeding is petitioner's December, 1995 conviction for five counts of first degree murder in the Orleans Parish Criminal District Court for which he was subsequently sentenced to five concurrent terms of life

imprisonment.  Smith's conviction and sentences were affirmed on direct appeal, State v. Smith, 797 So.2d 193 (La. App. 4th Cir. 2001)(table), writ denied, 824 So.2d 1189 (La. 2002), and certiorari was later denied by the U.S. Supreme Court.  Smith v. Louisiana, 537 U.S. 1201, 123 S.Ct. 1298 (2003).  Petitioner then sought post-conviction relief from all three levels of the state court system which also proved to be unavailing.  State v. Smith, 45 So.3d 1065 (La. 2010).  From those unfavorable rulings, Smith sought a writ of certiorari from the U.S. Supreme Court which was recently granted on June 13, 2011.  Smith v. Louisiana, ___ U.S. ___, ___ S.Ct. ___, 2011 WL 2297807 (2011).  It is that favorable ruling which forms the basis of petitioner's present request for a stay to allow the Supreme Court to ponder the propriety of the state courts' denial of post-conviction relief.

Consistent with the purposes of the Antiterrorism and Effective Death Penalty Act of 1996. ("AEDPA"), a district court has the authority to issue a stay in a habeas proceeding where such a stay would be a proper exercise of discretion. See, e.g., Rhines v. Weber, 544 U.S. 269, 276, 125 S.Ct. 1528, 1534 (2005)(and cases cited therein).  The granting of a petition for writ of certiorari is very much of a rarity. The Supreme Court having done so in Smith's case, it is apparent that the nation's highest court has some degree of interest in his claims for relief.  That being the

case, it strikes the Court that it would be an inefficient use of judicial resources to have two separate federal courts considering many of the same issues at the same time. Under these circumstances, this Court should defer to the U.S. Supreme Court and should stay this case pending the disposition of the proceedings that are pending before that superior tribunal.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that petitioner's motion to stay these proceedings be granted and the Clerk of Court mark this action closed for statistical purposes. It is further recommended that the Court retain jurisdiction over this matter and that petitioner be allowed to file a motion to reopen this case within thirty (30) days of the disposition of the proceedings that are presently pending before the U.S. Supreme Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days (14) after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en

banc).

    New Orleans, Louisiana, this __16th__ day of _____June_____, 2011.

                                                      *Alma L. Chasez*
                                      UNITED STATES MAGISTRATE JUDGE